# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DALE MCCRACKEN, | Case No. 1:08-cv-327 |
| Plaintiff, | Judge Sandra S. Beckwith |
| | Magistrate Judge Timothy S. Black |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and therefore unentitled to a period of disability and disability insurance benefits ("DIB"). (*See* Administrative Transcript ("Tr.") (Tr. 12-19) (ALJ's decision)).

**I.**

Plaintiff originally filed for benefits on January 22, 1996. (Tr. 29). That claim was denied by the ALJ on January 29, 1998. (*Id.*) Plaintiff appealed the decision to the Appeals Council and it declined review on November 15, 1999. (Tr. 12). Thereafter, Plaintiff did not appeal the Agency's final decision denying him benefits.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The relevant period in this case is from January 29, 1998, when the ALJ found Plaintiff not disabled, through March 31, 1999, when his insured status expired. (Tr. 67).

On October 8, 2004, Plaintiff filed a new application for disability insurance benefits alleging a disability onset date of November 11, 1992, due to a neck injury. (Tr. 68-70).

Upon denial of his claims on the state agency level, he requested a hearing *de novo* before an ALJ. A hearing was held on November 28, 2006, at which Plaintiff appeared with counsel and testified. (Tr. 703-722). A vocational expert, Ms. Janet Chapman, was also present and testified. (*Id.*)

On January 11, 2007, the ALJ entered his decision finding Plaintiff was not disabled because he could perform a significant number of jobs prior to the expiration of his insured status. (Tr. 19). Thereafter, Plaintiff requested review of the ALJ's decision by the Appeals Council, which reviewed additional evidence and concluded that there was no basis for granting Plaintiff's request. (Tr. 5-8). The ALJ's decision stands as the final decision of the Commissioner of Social Security. (Tr. 5-7).

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 1999.

2. The claimant did not engage in substantial gainful activity from November 11, 1992 through March 31, 1999 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

3. From November 11, 1992 through March 31, 1999, the claimant had the following severe combinations of impairments: fractured left scapula with chronic pain in left shoulder, adjustment disorder with mixed emotional features, and history of alcohol abuse in remission (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform work that did not require overhead or above the shoulder work and that the claimant can only use the left upper extremity as an assist to the right (dominant) side. He is also limited to simple, routine work.

6. Through the date last insured, the claimant was unable to perform past relevant work (20 CFR 404.1565).

7. The claimant was born on August 6, 1948, and was 50 years old, which is defined as an individual closely approaching an advanced age, on the date last insured. Prior to August 6, 1997, the claimant was considered to be a younger individual, age 45-49 (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case (20 CFR 404.1568).

10. Through the date last insured considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1560(c) and 404.1566).

11. The claimant was not under a "disability," as defined in the Social Security Act, at any time from November 11, 1992, the alleged onset date, through March 31, 1999, the date last insured (20 CFR 404.1520(g)).

(Tr. 14-18).

In sum, the ALJ concluded that Plaintiff was not under disability as defined by the Social Security Regulations and was therefore not entitled to a period of disability or DIB. (Tr. 12-19).

On appeal, Plaintiff argues that: (1) the ALJ erred in failing to find the claimant's neck impairment severe during his insured status, and therefore also erred in his assessment of Plaintiff's RFC; (2) the ALJ erred in failing to adequately credit the opinion of Plaintiff's treating source; and (3) the ALJ failed to properly consider Plaintiff's pain. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**A.**

For his first assignment of error, Plaintiff maintains that the ALJ erred in failing to find that his neck impairment was severe, and, therefore, also erred in his assessment of Plaintiff's residual functioning capacity ("RFC").[2]

Plaintiff's central argument is that ALJ Custis erred because he provided the same RFC that ALJ Smith provided, despite the fact that ALJ Custis had additional medical information. Specifically, Plaintiff claims that the ALJ improperly found that the additional evidence was not relevant because it pertained to a period of disability after Plaintiff's date of last insurance ("DLI") for disability benefits.[3] (Tr. 15).

---

[2] "A RFC is an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a 'regular and continuing' basis." SSR 96-8p at 28. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see also Sims v. Apfel*, 173 F.3d 879. 880 (10th Cir. 1999) (defining a "regular and continuing basis" as "8 hours a day, for 5 days a week, or an equivalent work schedule").

[3] DLI, or date last insured, is based on the claimant's work history and the number of work credits they have accumulated in the last five out of ten years. The DLI is basically an expiration date for social security disability benefits. When a DLI lapses, or passes, a disability claimant, from that point forward, is no longer in the position of being able to win social security disability benefits based on their current disability status. Instead, to be approved for benefits, one is required to prove that the disability began before the DLI expired.

As ALJ Custis noted, ALJ Smith previously summarized Plaintiff's earlier x-rays which showed only mild degenerative disc disease at the cervical level. (Tr. 31). Further, ALJ Custis considered that more recent medical records showed narrowing, spondylosis, and a need for narcotic pain medication. (Tr. 15, 120-177, 251-253). Yet, the ALJ properly found that "[a]lthough additional evidence had been received [Exhibits B1F-B5F], *the majority* of this evidence pertains to a period of disability after the claimant's date of last insurance for disability benefits." (Tr. 15) (emphasis added). Regardless, ALJ Custis specifically notes that he did, in fact, consider the additional evidence. (Tr. 15).

Plaintiff claims that "it was possible to infer from the new evidence[4] that . . . neck and shoulder impairments were much more severe that previously recognized by ALJ Smith, [and] it was error for ALJ Custis to fail to find Plaintiff's neck impairment was severe prior to the DLI." (Doc. 8 at 5). However, a possible inference is not enough. Indeed, Plaintiff bore the burden of proving both the severity and the onset date of his neck impairment. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) ("His assertion that the ALJ had the burden of proof to establish the onset date is unsupported by any legal authority, and runs counter to the general regulatory burden of proof that requires claimants to prove their disability to the Commissioner. *See* 20 C.F.R. § 404.1512(a)."). Moreover, Plaintiff's deterioration over the course of several years is

---

[4] This "new evidence" consisted of EMG and MRI tests which were performed shortly after Plaitniff's DLI. (Tr. 251-55, 392-93).

not necessarily probative of the limitations imposed by his neck condition prior to March 1999, especially where, as the ALJ noted, Plaintiff required only Ibuprofen to treat his pain. (Tr. 15).

Furthermore, Plaintiff failed to challenge the Commissioner's 1999 final determination until it was too late to re-open the matter. Once the ALJ found Plaintiff had severe impairments at step two of the sequential evaluation, he properly continued to evaluate the limiting effects of Plaintiff's combined impairments. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987) (upon determining that a claimant has one severe impairment at step two, the ALJ continues to evaluate the remaining steps in the disability evaluation process, evaluating both the severe and non-severe impairments).

Accordingly, Plaintiff's argument that the ALJ should have considered his neck impairment severe and debilitating is without merit. There is substantial evidence in the record supporting the ALJ's finding that Plaintiff's neck impairment is not disabling. Furthermore, Plaintiff has not shown any specific additional limitations resulting from the combined effect of his impairments greater than already accommodated in the ALJ's RFC finding.

**B.**

For his second assignment of error, Plaintiff claims that the ALJ erred in failing to adequately credit the opinion of his treating source.

An ALJ must give the opinion of a treating source controlling weight if he or she

finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). Mere diagnosis of a condition is not indicative of a disabling functional debilitation. *See Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson,* 378 F.3d at 544 (*citing* Soc. Sec. Rul. 96-2p). Nonetheless, the ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician. *See* Soc. Sec. Ruling 96-5p; *see also Varley,* 820 F.2d at 780.

The undersigned finds that the ALJ reasonably weighed the record physician opinions and was not required to grant greater weight to examining physician Dr. Bixel's opinion for several reasons. As an initial matter, the opinion that an individual is unable to work is not entitled to any significant weight because that issue is reserved exclusively to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(1). Dr. Bixel's conclusory statements about Plaintiff's employability were entitled to no weight, as that issue is reserved to the

Commissioner. (Tr. 690).

Additionally, as the ALJ found, "at no time prior to March 31, 1999 had Dr. Bixel opined that Plaintiff was unemployable." (Tr. 17). Plaintiff asserts without supporting source citation that "the VA Medical Center has a policy against completing paperwork of that nature." (Doc. 8 at 6). In fact, none of Dr. Bixel's time-relevant notes suggest that Plaintiff had limitations of disabling severity. Additionally, Plaintiff suggests that the ALJ failed to fully consider evidence such as physical therapy attempts and cortisone injections. (*Id.* at 5). However, ALJ Custis' decision reflects that he did consider this evidence. (Tr. 15). The ALJ further articulated his assessment of the objective medical record evidence, including x-rays, MRIs, and other diagnostic reports. (Tr. 15-18). *See* 20 C.F.R. § 404.1527(b) ("In deciding whether you are disabled we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."). Moreover, Plaintiff bears the duty to show his impairments caused disabling limitations. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (claimant has the burden of providing detailed medical evidence which enables the Secretary to make an informed determination on the issue of disability).

Plaintiff's argument appears to focus on ALJ Custis' reliance and incorporation of ALJ Smith's prior decision, as well as Plaintiff's more recent medical records which allegedly reflect his deterioration. The procedural posture in this case is critical to assessing Plaintiff's assignment of error. Plaintiff previously filed an application for DIB

in February 1996, which was ultimately denied in November 1999. The 1996 application was denied in a final ALJ decision dated January 29, 1998, establishing that Plaintiff was not disabled as of that date. (Tr. 38). Plaintiff did not seek reopening the case, and ALJ Custis did not reopen the matter. Therefore, in order to receive benefits, Plaintiff must show deterioration from January 29, 1998 through March 31, 1999, when Plaintiff's insured status expired.

"This circuit has held that 'the Secretary may apply the doctrine of *res judicata* pursuant to 20 C.F.R. § 404.[975(c)] to deny consideration of a claim for benefits which raises issues and presents facts previously considered by the Secretary in relation to a prior claim for benefits which had been denied.'" *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 687 (6th Cir. 1992) (quoting *Wilson v. Califano*, 580 F.2d 208, 210-11 (6th Cir. 1978)). In his decision on Plaintiff's instant application, ALJ Custis ruled that additional evidence received since the Appeals Council denied Plaintiff's prior claim in November 1999 did "not warrant revising and reopening the prior Administrative Law Judge's decision." (Tr. 12). With respect to the period after January 1998, the ALJ followed this Court's decision in *Drummond* and ultimately adopted the prior ALJ's RFC finding (Tr. 16), concluding that Plaintiff could perform a significant number of jobs. Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision constitutes the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 404.1581; *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Only evidence that was in the record before the ALJ may be considered in

reviewing his decision. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

Plaintiff argues that ALJ Custis erred when he evaluated Plaintiff's RFC because he provided the same RFC finding as ALJ Smith, despite the additional evidence before him. (Doc. 8 at 4-5). However, the ALJ appropriately applied Sixth Circuit precedent in formulating his decision. In *Drummond*, the Sixth Circuit "reject[ed] the Commissioner's contention that the Social Security Administration has unfettered discretion to reexamine issues previously determined absent new and additional evidence." 126 F.3d at 842. The court ruled that, "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by that determination absent changed circumstances." *Id*. Absent evidence of improvement or changed circumstances, the Court concluded that an ALJ was bound by the prior findings pursuant to principles of *res judicata*. *Id*. at 840-43.

Following the court's holding in *Drummond*, the Agency issued Acquiescence Ruling 98-4(6), instructing adjudicators to apply *Drummond* to claims arising within the Sixth Circuit. Indeed, ALJ Custis properly articulated his adherence to Acquiescence Ruling 98-4(6). (Tr. 12). The Ruling specifically instructs as follows:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

63 Fed. Reg. at 29773.

The Agency's Acquiescence Ruling fully recognizes that a claimant's condition may change and that it may, therefore, be appropriate for the Agency to make different findings concerning the claimant's status at different periods of time. The Acquiescence Ruling simply provides that there must be an adequate evidentiary basis for making a different finding. Thus, the ALJ did not summarily deny Plaintiff's second application because of the prior ALJ's 1998 decision. Instead, as discussed below, he thoroughly considered the additional evidence to decide whether it provided a basis for a different finding. Only after this consideration did he determine Plaintiff's RFC was similar to ALJ Smith's prior finding.

Plaintiff suggests that new evidence indicated a worsening of his condition. However, the presence of new and/or material evidence is in and of itself insufficient to disregard Acquiescence Ruling 98-4(6). In fact, that new and material evidence must document a *significant* change in a claimant's condition. Accordingly, the principal question is whether Plaintiff offered sufficient evidence of changed circumstances.

Specifically, Plaintiff offers evidence that on March 15, 2005 Dr. Bixel stated that Plaintiff's "pain has never been well controlled since [the fracture of the left scapula that occurred in 1992], despite multiple treatment modalities." (Tr. 690). This evidence is insufficient to mark a "significant change" in Plaintiff's physical condition. The undersigned reviewed all of the additional evidence (B1F-B5F) and finds that it failed to show a significant change in his condition, either physically or mentally. (Tr. 15).

In sum, the evidence did not bear out Plaintiff's allegations, and considering the

totality of the evidence, the ALJ's RFC finding was warranted. The ALJ reasonably found Plaintiff had the ability to perform a restricted range of light work. (Tr. 16-17). Relying on that finding, the vocational expert testified that Plaintiff could perform a significant number of jobs during the relevant period. (Tr. 36). The ALJ was entitled to rely on this expert opinion to determine that Plaintiff was not disabled at any time through the date of his decision. That determination was supported by substantial evidence.

## C.

For his third and final assignment of error, Plaintiff maintains that the ALJ erred when he failed to properly consider his pain and credibility.

It is within the discretion of the ALJ, who actually meets with and takes testimony from an individual plaintiff, to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky*, 35 F.3d at 1036; *see also McGuire v. Comm'r of Soc. Sec.*, No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility."). The ALJ's credibility finding is entitled to considerable deference. *Heston*, 245 F.3d at 536 ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"); *Casey*, 987 F.2d at 1234 (ALJ's credibility findings should not be discarded lightly, and absent compelling evidence to the contrary, should be accorded deference).

The undersigned finds that the ALJ properly evaluated Plaintiff's complaints in accordance with the regulations and offered persuasive reasons for finding Plaintiff not credible. Specifically, the ALJ noted that Plaintiff was able to perform household repairs, cook meals on occasion, shop for food and gifts on a weekly basis, leave his home three to four 4 times a week to go to appointments, go to lunch, and perform errands. (Tr. 16-17, Ex B1A). Plaintiff also gardened. (*Id*.) Although Plaintiff disputes the ALJ's consideration of his daily activities from his prior application, (Doc. 8 at 7-8); the ALJ properly considered record evidence showing Plaintiff's ability to be active during the period in which he was allegedly disabled from all work activity.

Additionally, the ALJ acknowledged Plaintiff's reports of pain, but pointed to inconsistencies in the record that detracted from Plaintiff's credibility. (Tr. 17). For example, the ALJ pointed out that Plaintiff claimed debilitating pain during the relevant period, but took only Ibuprofen to treat his pain. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (ALJ may consider inconsistent statements in assessing claimant's credibility). The ALJ's credibility finding can be upset only if there is "compelling" evidence to the contrary. *Casey*, 987 F.2d at 1234. Here, the ALJ's well-reasoned decision should not be disturbed. *See Jones*, 336 F.3d at 477 ("the Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.").

As noted above, the issue is not whether the record could support a finding of

disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and he reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) ("Upon review, we are to accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying.").

Accordingly, there is substantial evidence in the record supporting the ALJ's finding that Plaintiff's symptoms were not disabling. The ALJ clearly articulated his reasoning for the weight assigned to Plaintiffs allegations of pain, and the undersigned finds that the ALJ's decision to give little weight to Plaintiff's complaints of disabling pain is supported by substantial evidence.

## III.

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability and disability income benefits from January 24, 1998 to March 31, 1999, be found **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**; and, as no further matters remain pending for the Court's review, this case be **CLOSED.**

-15-

**IT IS SO RECOMMENDED.**

Date:  July 1, 2009                             s/ Timothy S. Black
                                                Timothy S. Black
                                                United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DALE MCCRACKEN, | : | Case No. 1:08-cv-327 |
| | : | |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).