# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Dale McCracken,

    Plaintiff,

vs.

Commissioner of Social Security,

    Defendant.

Case No. 1:08-CV-327

## O R D E R

This matter is before the Court on Magistrate Judge Black's Report and Recommendation of July 1, 2009 (Doc. No. 15) and Plaintiff Dale McCracken's objections to the Report and Recommendation (Doc. No. 16). In his Report and Recommendation, Judge Black found that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled, and therefore, not entitled to receive disability insurance benefits, was supported by substantial evidence. Therefore, Judge Black recommended that the ALJ's determination be affirmed and that this case be closed. For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The Court concludes that the Administrative Law Judge's determination that Plaintiff is not disabled was supported by substantial evidence. Accordingly, the ALJ's determination that Plaintiff is not disabled is **AFFIRMED.**

I. <u>Background</u>

On October 8, 2004, Plaintiff Dale McCracken filed an application for disability insurance benefits due to a neck injury. Plaintiff alleged that November 11, 1992 was the onset date of disability. Plaintiff had previously filed an application for disability insurance benefits on January 22, 1996. In this first application, Plaintiff alleged that he was disabled because of chronic left shoulder pain, adjustment disorder with mixed emotional features, and alcohol abuse in remission. The alleged onset date of these disabilities was also November 11, 1992.

After holding an evidentiary hearing, on January 29, 1998, the ALJ issued a decision denying Plaintiff's first application for benefits at the fifth step of the sequential disability evaluation after finding that there were a significant number of jobs in the national economy that Plaintiff can perform at a modified light level of exertion. The Appeals Council declined to review this decision on November 15, 1999; Plaintiff did not further appeal this final agency decision. Plaintiff's insured status expired on March 31, 1999. Thus, the issue presented to the ALJ on Plaintiff's second application for benefits was whether Plaintiff became disabled between January 29, 1998 and March 31, 1999.

In assessing Plaintiff's second application for benefits, ALJ Custis first stated that pursuant to Acquiescence Ruling 98-4(6), he was bound by ALJ Smith's findings concerning Plaintiff's residual functional capacity ("RFC"), or other findings in the sequential evaluation process, unless there was new and material evidence relating to such a finding. Tr. 12. The ALJ concluded, however, that although Plaintiff submitted additional evidence concerning his neck injury, the majority of it pertains to a period of disability after his date last insured.

The ALJ specifically rejected an opinion proffered by Plaintiff's treating physician (Tr. 690), Dr. Bixel, dated March 15, 2005, that Plaintiff has been disabled since 1992 due to chronic left shoulder pain, chronic obstructive pulmonary disease, hypertension, and intermittent atrial fibrillation on the grounds that Dr. Bixel never offered this opinion during the claimed period of disabiility. Tr. 15. The ALJ also noted that prior to March 31, 1999, Plaintiff's hypertension and atrial fibrillation were under control with medication and that there were no prior reports of shortness of breath or history of COPD. Id.

In regard to his claim that the Social Security Administration failed to consider his neck injury, ALJ Custis observed that during consideration of his first application, ALJ

Smith determined that his mild degenerative disc disease at C5-C6 was a non-severe impairment resulting in no more than minimal work-related limitations. ALJ Custis rejected most of Plaintiff's new evidence concerning his neck injury because it was dated after March 31, 1999. ALJ Custis noted that prior to March 31, 1999, Plaintiff only took ibuprofen for pain, there were only mild degenerative changes, no nerve root compression, and no limitation in the cervical range of motion. Thus, ALJ Custis also found that Plaintiff's neck injury was a non-severe impairment.

The ALJ also rejected Plaintiff's subjective complaints of disabling pain. The ALJ noted that although Plaintiff was currently taking narcotic pain medication, prior to March 31, 1999, he was only taking ibuprofen daily for pain. The ALJ also found that Plaintiff's pre-date last insured activities were inconsistent with his complaints of pain, noting that he was able to perform household repairs, cook occasionally, go shopping, visit family and friends occasionally, run errands, and garden. Tr. 17.

At that point, after giving no weight to the opinion of Dr. Bixel, ALJ Custis essentially adopted the prior findings of ALJ Smith because there was no other evidence that warranted revising those findings. ALJ Custis then concluded that although Plaintiff cannot perform his prior work, there are a number of

4

jobs in the national economy that he can perform at a restricted or limited light level of exertion, including order clerk and security guard.  Accordingly, ALJ Custis also determined that Plaintiff is not disabled at the fifth step of the process and denied Plaintiff's claim for benefits.

On March 14, 2008, the Appeals Council declined to review the ALJ's decision, making the ALJ's determination the final decision of the Commissioner.  Plaintiff then filed a timely complaint for review of the Commissioner's decision with this Court.

Plaintiff raises three assignments of error in his complaint.  First, Plaintiff contends that the ALJ erred in failing to find that his neck impairment is severe and, consequently, erred in determining his RFC.  Second, Plaintiff contends that the ALJ erred in failing to give adequate weight to the opinion of his treating physician, Dr. Bixel.  Third, Plaintiff contends that the ALJ failed to properly assess his subjective complaints of pain.

On July 1, 2009, Magistrate Judge Black issued his Report and Recommendation finding that the ALJ's decision that Plaintiff is not disabled was supported by substantial evidence.  Magistrate Judge Black provided a detailed analysis of each of Plaintiff's assignments of error.  The Court, therefore, will not recite Judge Black's analysis again here.  A fair summary of his

Report and Recommendation, though, is that while Plaintiff may have adduced evidence that his neck impairment is a deteriorating condition, he failed to adduce evidence that he became disabled by this impairment in the period between the denial of his first application for disability insurance benefits and his date last insured. Therefore, ALJ Custis was bound by ALJ Smith's determination that Plaintiff has the RFC to perform a restricted range of light work and that there are a sufficient number of these jobs available that he can perform.

Plaintiff filed timely objections to Magistrate Judge Black's Report and Recommendation. Plaintiff raises five issues in his objections: 1) the evidence supports a finding that his condition has worsened since the denial of his application for benefits; 2) new and material evidence showed a significant change in his condition such that ALJ Custis was not bound by ALJ Smith's decision; 3) the ALJ erred in failing to obtain a medical expert to evaluate new radiographic evidence; 4) the ALJ should have given more weight to Dr. Bixel's opinion; and 5) the ALJ improperly used his activities of daily living from 1996 to discredit his complaints of pain.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the

record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

### III. Analysis

It is not disputed in this case that in order to be entitled to receive disability insurance benefits, Plaintiff must have become disabled between January 29, 1998, the date of the denial of his first application, and March 31, 1999, his date last insured. Plaintiff's theory of the case is that recently-

obtained evidence shows that his neck condition was declining throughout the relevant period and that, therefore, ALJ Custis was not bound ALJ Smith's decision and in fact should have concluded that he is disabled.

  Plaintiff first contends that new evidence shows that his neck impairment had worsened since the denial of his first application. In support of this argument, Plaintiff relies on Exhibits B2F and B5F, which are records from the Veteran's Administration dating from August 10, 1995 through March 15, 2005. These records, however, do not support Plaintiff's claim. Consideration of any records from August 10, 1995 through January 29, 1998 would be foreclosed by the denial of his first application for benefits. E.g., 280-81; 416-54. Moreover, as the ALJ correctly recognized, medical evidence obtained after Plaintiff's insurance status expired is not relevant, Strong v. Social Sec. Admin., 88 Fed. Appx. 841, 845 (6th Cir. 2004), except perhaps to the extent that it relates back to the covered period. A hypothetical example of such evidence could be the May 1999 opinion of a physician who reviewed x-rays of Plaintiff's neck that were taken during the insured period and concluded that that he cannot perform work at a given level of exertion due to the impairment. Plaintiff's new evidence, however, only reflects his condition at the time it was obtained. E.g., Tr. 190-240; 250-79; 282-404. In other words, none of it relates back to the

insured period and, therefore, is not probative of disability. <u>Cornette v. Secretary Health & Human Serv.</u>, 869 F.2d 260, 264 n.6 (6th Cir. 1988). Plaintiff did provide an opinion from Dr. Bixel dated March 15, 2005 which states that Plaintiff is not employable in part due to chronic pain. Tr. 690. However, as both the ALJ and Magistrate Judge Black recognized, the ALJ was entitled to reject Dr. Bixel's opinion because it is conclusory and not supported by medical evidence from the insured period. <u>Hall v. Bowen</u>, 837 F.2d 272, 276 (6th Cir. 1988)("[T]he ALJ is not bound by conclusory statements of a treating physician that a claimant is disabled, but may reject determinations of such a physician when good reasons are identified for not accepting them.").

On the other hand, office notes generated during the covered period, Tr. 241-45, 403-15, do support the ALJ's decision. As both the ALJ and Magistrate Judge Black noted, Plaintiff was only taking ibuprofen for pain during this period. Tr. 243-44. An office note of July 15, 1998 indicates that Plaintiff was only experiencing moderate pain with some improvement over the last two to three months. Tr. 405. A February 20, 1998 office note reflects no complaints of neck pain and that Plaintiff's "[s]houlder pain has improved substantially – only feels like a toothache now, which is an improvement. Tr.

413.  On February 2, 1998, Plaintiff only reported occasional pain.  Tr. 415.

In two somewhat related arguments, Plaintiff contends further that ALJ Custis erred in concluding that he was bound by ALJ Smith's prior decision.  Plaintiff argues that the ALJ violated SSR 83-20 by not obtaining a medical expert to evaluate new radiographic evidence of his neck impairment.  This new evidence, Plaintiff contends, would constitute a significant and worsening change in his condition which, in turn, would permit the ALJ to reopen ALJ Smith's disability decision.  The Court notes, however, that the radiographs to which Plaintiff refers were taken in April and July of 2000, after his insured status expired.  Tr. 251-53.  Thus, this evidence is not probative of disability during the covered period.

Apparently in an attempt to overcome this hurdle, Plaintiff relies on SSR 83-20 for the proposition that the ALJ should have consulted a medical expert to determine if the radiographs support a finding of disability during the covered period.  Plaintiff misapprehends the applicability of SSR 83-20 in this case.  Generally speaking, SSR 83-20 provides guidance to the ALJ to determine the onset date of disability and states that the ALJ should call on a medical advisor when the date must be inferred.  SSR 83-20, however, only applies if and when there has been a finding of disability and it is necessary to determine

when the disability began.  Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997).  In this case, there was never a finding that Plaintiff became disabled at any time.  Moreover, and contrary to Plaintiff's argument, SSR 83-20 does not apply to determine whether the claimant became disabled prior to the expiration of his insured status.  Id.  Therefore, the ALJ did not violate SSR 83-20.  As a result, there was not significant new of evidence of disability during the covered period which would have allowed reopening and revising ALJ Smith's previous findings concerning his RFC.  See Brewster v. Barnhart, 145 Fed. Appx. 542, 546 (6th Cir. 2005)("This Court will apply collateral estoppel to preclude reconsideration by a subsequent ALJ of factual findings that have already been decided by a prior ALJ when there are no changed circumstances requiring review.").

Finally, Plaintiff argues that the ALJ erred in relying on his activities of daily living from 1996, as reported in the first decision denying his application for benefits, to discredit his subjective claims of pain during the period at issue here. Plaintiff argues that, although written in 2004, the ALJ should have relied on the activities of daily living he listed in his second application.  Tr. 102-11.  Plaintiff's 2004 activities of daily living, however, are not substantially or significantly different from his 1996 activities.  In his decision, the ALJ found Plaintiff's credibility diminished because he can perform

11

household repairs and do occasional cooking, shop for food or gifts weekly, watch television and visit family and friends occasionally, go to appointments and lunch, perform errands, and perform gardening.  Plaintiff's 2004 report indicates that he watches television, does indoor cleaning and laundry, mows the lawn and mulches, performs small repairs, and runs errands every other week.  In other words, there was not a substantial basis for revising the prior ALJ's assessment of his credibility.  Moreover, as Magistrate Judge Black noted, Plaintiff's subjective complaints of disabling pain are inconsistent with the fact that he only took ibuprofen to alleviate the pain during the relevant period. E.g., Blacha v. Sec. Health & Human Serv., 927 F.2d 228, 231 (6th Cir. 1990) ("Mr. Blacha's use of only mild medications (aspirin) undercuts complaints of disabling pain[.]").  Accordingly, there was a substantial basis for the ALJ to reject Plaintiff's subjective complaints of pain.

## Conclusion

For the reasons stated, Plaintiff's objections to Magistrate Judge Black's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ determining that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date September 14, 2009         s/Sandra S. Beckwith
                                Sandra S. Beckwith
                                Senior United States District Judge